Gregory K. Sabo, Esq., Bar No. 169760
Chelsea L. Zwart, Esq., Bar No. 305951
**CHAPMAN GLUCKSMAN DEAN & ROEB**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 800
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX: (310) 207-6550

Attorneys for Defendant TOWBIN DODGE, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN NEFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOWBIN DODGE LLC, a Nevada company,<br><br>Defendant. | Case No.: 2:20-CV-00261-JAM-DMC<br><br>Hon. Judge John A. Mendez<br><br>**DEFENDANT'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF VENUE OR, ALTERNATIVELY, FOR TRANSFER OF THE CASE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: September 29, 2020<br>Hearing Time: 1:30 P.M.<br>Courtroom: 1575<br>Judge: John A. Mendez |

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on September 29, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable John A. Mendez, United States District Court for the Eastern District of California, Robert T. Matsui Federal Courthouse, 501 I Street, Sacramento, California 95814, Defendant TOWBIN DODGE LLC ("Towbin Dodge") will and hereby does move the Court, by and through its counsel, for entry of an order dismissing this action for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transferring this case to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

This Motion is made on the grounds that (1) the case should be dismissed or transferred due

to improper venue because a substantial part of the events giving rise to the claim occurred in the District of Nevada, not this District or any other District in California, or, in the alternative, (2) the case should be transferred to the District of Nevada as a more convenient forum as Towbin Dodge and a majority of the key witnesses and documents are located in Nevada, the contract between the Defendants which gives rise to Plaintiff's claims was entered into in Nevada, and litigating the action in this District would be more expensive and less efficient for all parties.

This Motion is based on this Notice of Motion; the following Memorandum of Points and Authorities; the Declaration of Marie Maleske filed concurrently herewith; the argument of counsel to be made at the hearing on the Motion; all pleadings, records and papers on file; and such other matters that may be presented to the Court.

This Motion is made following meet and confer efforts of counsel pursuant to the Court's Standing Order. As indicated at Section 5 of the parties' Joint Report dated April 7, 2020, on file herein, the parties meet and conferred regarding Towbin Dodge's position that venue in this District is improper and that it anticipated filing a motion to dismiss for lack of proper venue or to transfer the action to the District of Nevada on the grounds that it and virtually all of the witnesses and pertinent records relevant to the case are in Nevada. Plaintiff disagreed and indicated that he would oppose any such motion.

Towbin Dodge filed and served its Motion to Dismiss for Lack of Venue, or, Alternatively, for Transfer of the Case on April 29, 2020 in response to Plaintiff's original Complaint. The Motion was taken off calendar upon Plaintiff's filing of a First Amended Complaint. Following the filing of the First Amended Complaint, the parties further met and conferred regarding Towbin Dodge's position that the minimal amendments to Plaintiff's counsel did not make Towbin Dodge's Motion to Dismiss for Lack of Venue, or, Alternatively, for Transfer of the Case any less meritorious and that it intended on revising the same to address the amendments made to Plaintiff's complaint and refiling. The parties disagreed on this issue and Plaintiff indicated that he would oppose such a motion should it be filed by Towbin Dodge in response to Plaintiff's First Amended Complaint.

///

///

DATED:   July 31, 2020                          **CHAPMAN, GLUCKSMAN, DEAN & ROEB**
A Professional Corporation

By: */s/ Chelsea L. Zwart*
**GREGORY K. SABO**
**CHELSEA L. ZWART**
Attorneys for Defendant TOWBIN DODGE, LLC

# **TABLE OF CONTENTS**

I.   INTRODUCTION AND PERTINENT ALLEGATIONS…………..…..1

II.  LOCATION OF THE PARTIES…………………………………....2

III. LEGAL ARGUMENT……………………………………………....3

    A.   The Complaint Should Be Dismissed for Improper Venue…………3

    B.   Alternatively, Transfer the Case to the District of Nevada is Warranted……………………………………………………………6

IV.  CONCLUSION……………………………………………………11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Argueta v. Banco Mexicano, S.A.*,
  87 F.3d 320 (9th Cir. 1996) ................................................................................... 3

*Axiom Foods, Inc. v. Acerchem Int'l*,
  874 F.3d 1064 (9th Cir. 2017) ............................................................................... 8

*Cadenasso v. Metro. Life Ins. Co.*,
  2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) ....................................................... 5

*Camarena v. Vanderbilt Mortg. & Fin., Inc.*,
  2015 WL 4036258 (N.D. Ill. July 1, 2015) ........................................................... 5

*E. & J. Gallo Winery v. F. & P. & S.p.A.*,
  899 F. Supp. 465 (E.D. Cal. 1994) ........................................................................ 6

*Fabio v. Diversified Consultants, Inc.*,
  2014 WL 713104 (W.D. Wisc. Feb. 25, 2014) ...................................................... 5

*Hope v. Otis Elevator Co.*,
  389 F. Supp. 2d 1235 (E.D. Cal. 2005) ................................................................. 4

*Jones v. GNC Franchising*,
  211 F.3d 495 (9th Cir. 2000) ................................................................................. 7

*Joseph v. TrueBlue, Inc.*,
  2014 WL 6908968 (E.D. Wash. Dec. 9, 2014) ...................................................... 5

*King v. Russell*,
  963 F.2d 1301 (9th Cir. 1992) ............................................................................... 4

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
  89 F.R.D. 497 ........................................................................................................ 7

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) ................................................................................. 7

*Martinez v. Aero Caribbean*,
  764 F. 3d 1062 (9th Cir. 2014) .............................................................................. 2

*Park v. Dole Fresh Vegetables, Inc.*,
 964 F. Supp. 2d 1088 (N.D. Cal. 2013) ............................................................... 11

*Walden v. Fiore*,
 571 U.S. 277 (2014) ........................................................................................ 8, 9

**Statutes**

28 U.S.C. § 1391 ........................................................................................................ 2

28 U.S.C. § 1391(b) ............................................................................................... 3, 4

28 U.S.C. § 1391(b)(1) ........................................................................................ 1, 4, 7

28 U.S.C. § 1391(b)(2) .......................................................................................... 1, 4

28 U.S.C. § 1404(a) ...................................................................................... 2, 6, 7, 11

28 U.S.C. § 1406(a) ................................................................................................ 2, 4

**Court Rules**

Fed. R. Civ. P. 45(c)(1)(A) ....................................................................................... 10

Rule 12(b)(3) .......................................................................................................... 3, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant TOWBIN DODGE LLC ("Towbin Dodge") hereby submits the following Memorandum of Points and Authorities in support of its Amended Motion to Dismiss for Lack of Venue or, Alternatively, For Transfer of the Case.

## I. INTRODUCTION AND PERTINENT ALLEGATIONS

This action arises out of a text message and three telephone calls Plaintiff JUSTIN NEFF ("Plaintiff") alleges he received to his cell phone from Towbin Dodge. Plaintiff claims that in January 2020, he received one text message and one telephone call directly from Towbin Dodge and alleges that these communications were unsolicited and initiated using an autodialer. (Plaintiff's First Amended Complaint ("FAC"), ¶¶ 28). Plaintiff also alleges that he received two additional purportedly autodialed calls on behalf of Towbin Dodge from Defendant CDK Global, LLC ("CDK"), which Towbin Dodge had contracted with to communicate with consumers on its behalf. (FAC, ¶¶ 15, 19, 30, 33).

Plaintiff alleges that he did not consent to Towbin Dodge or CDK sending him purportedly automated text messages or placing allegedly autodialed calls to his cell phone (FAC, ¶ 34) and that the communications he received from Towbin Dodge (or on its behalf) violated the TCPA. Plaintiff not only asserts TCPA claims against Defendants on behalf himself, but also on behalf of one putative nationwide class.

Plaintiff's allegations are hotly disputed by Towbin Dodge. Notwithstanding, even if taken as true, this case is not properly venued in this District.

First, Plaintiff has not met his burden of establishing that venue is proper in the District. In fact, venue here is <u>not</u> proper under 28 U.S.C. § 1391(b)(1) because Towbin Dodge's principal place of business is in Henderson, Nevada, and it does not have any offices or employees in this state, let alone this District. Plaintiff has also failed to Plaintiff also has failed to establish that venue is proper under 28 U.S.C. § 1391(b)(2), which requires him to show that a "substantial part of the events" giving rise to his claims occurred in this District. While Plaintiff alleges that he resides in this District, he does not allege any facts tying his claims to this District. He does not allege that Towbin Dodge initiated the subject call and text message from this District. Nor does he allege that

he received the communications from Towbin Dodge while in this District, though even if he had, such an allegation would not support venue here, as venue is proper in the district from which the allegedly offending communications were *placed*, not received. Here, based on Plaintiff's allegations, the proper venue is the District of Nevada, as that is the district in which Towbin Dodge is headquartered, is the district from which Plaintiff alleges that Towbin Dodge initiated the communications (or instructed CDK to make on its behalf), and is the District where Towbin Dodge entered into contract with CDK. Thus, this case may be dismissed or transferred for improper venue under 28 U.S.C. § 1406(a).

Second, even if the Court finds that venue in this District is proper, this case should be transferred to the District of Nevada pursuant to 28 U.S.C. § 1404(a) because (i) it is the district in which Towbin Dodge and virtually all of the material witnesses and documents are based with respect to both Plaintiff's allegations that he was supposedly contacted improperly and the underlying contract between Towbin Dodge and CDK and the services provided by CDK thereunder, which Plaintiff claims are violative of the TPA; (ii) it is the district with the strongest ties to Plaintiff's claims, including because it is the district from which Plaintiff alleges that Towbin Dodge placed the text message and one of the subject calls directly to him and instructed CDK to call him on two other occasions; (iii) it is the District in which Towbin Dodge entered into the underlying contract with CDK; and (iv) litigating this case in Las Vegas would be equally, if not less costly for Plaintiff, equally as costly for CDK which is headquartered in Illinois, and significantly less costly for Towbin Dodge, such that transferring the action to Las Vegas, Nevada, would not place an undue burden on Plaintiff or CDK or prejudice them in any way, while continuing to litigate here would unnecessarily impose an undue burden on Towbin Dodge.

## II.  **LOCATION OF THE PARTIES**

Of significant importance with respect to the instant Motion is the district of residence of the parties to this action. A company's principal place of business is its district of residence for venue purposes. 28 U.S.C. § 1391; *see Martinez v. Aero Caribbean,* 764 F. 3d 1062 (9th Cir. 2014).

Plaintiff is a resident of Weaverville, California. (FAC, ¶ 6). Weaverville is approximately 200 miles from this Court. The requisite drive takes approximately 3.5 hours with minimal traffic.

1   In contrast, Weaverville is approximately 680 miles from Las Vegas, where the District Court of
2   Nevada is located. The trip can be made most conveniently by driving to Sacramento and taking a
3   short hour-and-a-half flight to Las Vegas.
4       Plaintiff's counsel is located in Miami, Florida and San Diego, California. Irrespective of
5   where this case is venued, they will be required to travel a fairly significant distance. That being
6   said, San Diego, California is equally as far from Las Vegas as it is to Sacramento and the flight
7   from Miami to Las Vegas is shorter and more direct than that to Sacramento.
8       Towbin Dodge is a Nevada limited liability corporation. (Declaration of Marie Maleske
9   filed concurrently herewith ("Maleske Decl."), ¶ 3). Its principal place of business is Henderson,
10  Nevada. (*Id.*). Towbin Dodge does not have any offices or employees in California and it maintains
11  its business records in Henderson, Nevada. (Maleske Decl., ¶¶ 4-5). Henderson, Nevada is
12  approximately 550 miles from this Court. The trip can be made by plane flying from Las Vegas,
13  Nevada to Sacramento, California or by driving, which takes a minimum of 9 hours. In contrast,
14  the drive from Towbin Dodge to the District Court of Nevada is approximately 15 miles.
15      Towbin Dodge's counsel is located in Los Angeles, California. Travel from Los Angeles
16  to either Sacramento or Las Vegas is minimally different.
17      CDK is an Illinois limited liability company. It is headquartered in Illinois and its employees
18  will be required to travel a significant distance whether this case is venued in this District or
19  Nevada.

20  **III.    LEGAL ARGUMENT**
21      **A.    The Complaint Should Be Dismissed for Improper Venue.**
22      Under Rule 12(b)(3), Towbin Dodge may request that this Court dismiss an action for
23  improper venue by way of the instant Motion. Fed. R. Civ. P. 12(b)(3).  The federal venue statute
24  provides that "[a] civil action may be brought in – (1) a judicial district in which any defendant
25  resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial
26  district in which a substantial part of the events or omissions giving rise to the claim occurred...."
27  28 U.S.C. § 1391(b) ("Section 1391(b)"). When considering a Rule 12(b)(3) motion to dismiss, a
28  court need not accept the pleadings as true and may consider facts outside the pleadings. *Argueta*

3797.983                                   3
AMENDED MOTION TO DISMISS OR TRANSFER

*v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). If the court determines that venue is improper, it may either dismiss the action or, if it is in the interests of justice, transfer the action to a district in which the action could have been brought. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue or transfer venue is within the sound discretion of the District Court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). Plaintiff bears the burden of establishing that venue is proper in this District. *Hope v. Otis Elevator Co*., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005).

Plaintiff cannot establish that venue is proper in this District under 28 U.S.C. § 1391(b)(1) because neither of the Defendants reside in this District. As discussed above, Towbin Dodge resides in Henderson, Nevada (the District of Nevada) and has no offices or employees in California, let alone in this District. CDK resides in Illinois.

Plaintiff claims that venue is proper in this District because *he* resides in the District and because the purportedly "wrongful conduct giving rise to this case was directed to Plaintiff on Plaintiff's California area code cell phone number in this District." (FAC, ¶ 10). Thus, Plaintiff asserts venue under Section 1391(b)(2)'s "substantial part of the events" test.

However, Plaintiff has not met his burden of establishing that venue is proper in this District under Section 1391(b)(2). Plaintiff's place of residence is of no consequence with respect to the analysis of whether venue is proper under Section 1391(b)(2) (or under any other subsection of Section 1391(b)). The proper inquiry in this case is only where the *substantial* part of the alleged events giving rise to the claim occurred. As discussed below, the analysis under this test leads to the conclusion that venue in the District of Nevada is proper.

The alleged events giving rise to this case include Towbin Dodge entering into a contract with CDK to provide it with marketing services, including various platforms through which Towbin Dodge could communicate with consumers (FAC, ¶¶ 12-17); CDK providing Towbin Dodge with Plaintiff's contact information (FAC, ¶ 27); one text message sent by Towbin Dodge to Plaintiff directly (FAC, ¶28); one call made by Towbin Dodge to Plaintiff directly (FAC, ¶28); and two calls made by Towbin Dodge to Plaintiff through CDK (FAC, ¶¶ 30-33).

Plaintiff does not allege where he was when he received the subject text message and calls from Towbin Dodge, much less that he received them while in this District. Rather, he simply

alleges that the communications were sent to his cell phone, which has an area code from the District, and, thus, asserts that venue is proper here. Plaintiff is incorrect and, as discussed more fully below, he has failed to established proper venue under Section 1391(b)(2)'s "substantial part of the events" test.

Even assuming, *arguendo*, that Plaintiff had alleged that he received the calls in this District, such an allegation would still be insufficient to make venue here proper, as the only alleged violation of the TCPA was initiated from Nevada, the state from which the allegedly unsolicited communications were sent, with respect the communications to Plaintiff directly from Towbin Dodge, or with respect to the communications sent on Towbin Dodge's behalf, the state from which the alleged direction from Towbin Dodge to send communications originated. The TCPA does not make illegal the receipt of an unsolicited, autodialed communication. It only prohibits a person from *sending* unsolicited, autodialed communications (i.e., making calls or sending text messages). As such, the *only* violation of law alleged to have taken place originated from Towbin Dodge's headquarters in Henderson, Nevada. In other words, the events giving rise to Plaintiff's claims are Towbin Dodge's conduct (or conduct purport taken on its behalf) relative to making telephone calls and sending text messages, which of which were initiated from Nevada, not this District.

Of significant note, courts in the Ninth Circuit and throughout the country have held that in TPCA cases, venue is proper in the district from which the allegedly improper communication was **sent**, not where it was received. See, e.g., *Cadenasso v. Metro. Life Ins. Co*., 2014 WL 1510853, at *9 (N.D. Cal. Apr. 15, 2014) (transferring case to Southern District of Florida because "[t]he only alleged violation of the TCPA occurred in Florida, the state from which the unsolicited faxes were sent."); *Joseph v. TrueBlue, Inc*., 2014 WL 6908968, at *3 (E.D. Wash. Dec. 9, 2014) (transferring case to Western District of Washington because, inter alia, "the text message alerts that supposedly violated provisions of the TCPA originated from the Lead Defendant's headquarters in [that district]."); *Camarena v. Vanderbilt Mortg. & Fin., Inc*., 2015 WL 4036258, at *4 (N.D. Ill. July 1, 2015) (transferring case to Eastern District of Tennessee because "[t]he case concerns the allegedly unlawful behavior of a Tennessee corporation. The material events occurred in that state, in the sense that the automated calls were planned and originated there."); *Fabio v.*

*Diversified Consultants, Inc.*, 2014 WL 713104, at *3 (W.D. Wisc. Feb. 25, 2014) (holding that Western District of Wisconsin was proper venue because, "since the call itself is among the alleged illegal activity,… the injury occurred by virtue of calls apparently generated from within this district").

Moreover, the two telephone calls made by CDK allegedly on Towbin Dodge's behalf, would not have been made had the underlying contract for services between CDK and Towbin Dodge not been entered into. That contact was entered into by Towbin Dodge in Nevada and Towbin Dodge's location in Henderson, Nevada was the only location that received services from CDK under said contract. (Maleske Decl., ¶¶ 6-7). Thus, the underlying events between Towbin Dodge and CDK, which give rise to a portion of Plaintiff's claims, also took place in Nevada.

Accordingly, Towbin Dodge respectfully requests that this Court dismiss Plaintiff's action for improper venue under Rule 12(b)(3), as the *substantial* part of the events giving rise to this action took place in Nevada, not in this District.

### B. Alternatively, Transfer the Case to the District of Nevada is Warranted.

Even if the Court finds that venue is proper here, under 28 U.S.C. § 1404(a) ("Section 1404(a)"), "[The Court] may still exercise discretion" and transfer the action to another district, where it may be been brought in the first instance. Transfer is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Under Section 1404(a), the Court has "inherently broad discretion" to determine whether: (1) the case could have been brought in the District of Nevada, (2) the convenience of the parties and witnesses would be better served by transferring the case, and (3) transfer serves the interest of justice. See 15 U.S.C. § 1404(a); *E. & J. Gallo Winery v. F. & P. & S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("Three factors are in the inherently broad discretion of the Court, allowing the Court to consider the particular facts of each case: convenience of the *parties*, convenience of the *witnesses*, and interest of *justice*") (emphasis in original).

This District is not the most convenient venue for the parties or potential witnesses to litigate

this case. Indeed, aside from Plaintiff, Towbin Dodge is not aware of any potential witnesses who reside here. Therefore, should the Court find that venue is proper or declines to dismiss this action, Towbin Dodge alternatively request that the Court nevertheless transfer the case to the District of Nevada.

The first prong of the Section 1404(a) analysis is satisfied here because Plaintiff could have brought this action in the District of Nevada, as that is the District in which Towbin Dodge resides. 28 U.S.C. § 1391(b)(1). As to the second and third prong, the Ninth Circuit has held that courts may consider the following factors when determining if transfer in the interest of justice in a particular case:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forums, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the difference in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000). "The convenience of witnesses is said to be the most important factor" in ruling on a transfer motion. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (internal citations omitted).

***Location re Execution of Relevant Agreements.*** As discussed above, the service contract between Towbin Dodge and CDK gives rise to two of the subject communications herein. The contract was executed by Towbin Dodge in <u>Nevada</u>. (Maleske Decl., ¶¶ 6). Thus, this factor <u>favors transfer to Nevada</u>.

***State Most Familiar With Governing Law.*** The second factor is <u>neutral</u> because this District and the District of Nevada are equally familiar with the TCPA.

***Plaintiff's Choice of Forum.*** Here, Plaintiff's choice of forum is not entitled to much, if any, weight in the transfer analysis for two reasons. First, Plaintiff is seeking to represent a putative nationwide class, and thus his choice of forum is <u>given less weight</u>. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). Second, Plaintiff cannot credibly argue that travel to Sacramento,

where this Court is located, is significantly more convenient to him and his counsel than to Las Vegas. First, Plaintiff himself lives over 200 miles north of Sacramento. Any travel with respect to this case will be inconvenient for him personally, whether the action remains in this District or transferred to Las Vegas. Moreover, his attorneys' offices are in San Diego and Miami, Florida, both of which are considerably closer to Las Vegas than Sacramento. Thus, Plaintiff's choice of forum is arguably spurious, and it is <u>strongly outweighed</u> by the factors below, which favor transfer to the District of Nevada.

***Respective Parties' Contacts with the Forums.*** The fourth factor also <u>favors transfer to Nevada.</u> While the Plaintiff's contact with this District is great, as it is where he resides, and his contact with the District of Nevada appears to be limited to his communications with Towbin Dodge, Towbin Dodge and CDK <u>both</u> have limited contact with California, while they have strong contacts with <u>Nevada</u>.

Towbin Dodge's contact with the District of Nevada is strong, as that is where it resides and engages in the majority of its business, whereas its contact with this District is allegedly limited to its communications with Plaintiff regarding a vehicle for sale in the District of Nevada.

Similarly, CDK's contacts with California are limited to its communications with Plaintiff regarding Towbin Dodge's business in Nevada. While CDK is not headquartered in either Nevada or California, it provided Towbin Dodge with services solely in Nevada.

Moreover, Plaintiff's own connections to California are not relevant here. The Supreme Court has explained that the minimum contacts test is not satisfied "simply because [the defendant] allegedly directed his conduct at plaintiffs whom he knew had [forum state] connections." *See Walden v. Fiore*, 571 U.S. 277, 289 (2014). This is because "[s]uch reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections decisive in the jurisdictional analysis" and "obscures the reality that none of [the defendant's] challenged conduct had anything to do with [the forum state] itself." *Id.* (internal citation omitted). Accordingly, a plaintiff cannot establish personal jurisdiction by merely alleging that a defendant knew or should have known that the plaintiff was a resident of the forum state. See *id.*; *Axiom Foods, Inc. v. Acerchem Int'l*, 874 F.3d 1064, 1069-70 (9th Cir. 2017) (abrogating the Ninth Circuit's previous

holding that "[a] theory of individualized targeting," in which a plaintiff "alleges that a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state,' " satisfies the express aiming requirement because that theory was rejected by *Walden* (quoting *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 675 (9th Cir. 2012))). Thus, the mere fact that Plaintiff has a California area code and address from which his alleged residence in California could be inferred, without more, does not suffice to confer jurisdiction. To hold otherwise would flout the Supreme Court's instructions that "the plaintiff cannot be the only link between the defendant and the forum" and a "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, *supra,* 571 U.S. at 285, 290.

*The Contacts of Plaintiff's Claims to the Forums*. Plaintiff alleges that he received four unsolicited, autodialed communications from (or on behalf of) Towbin Dodge in violation of the TCPA, but he does not allege where he was when he received those communications. Plaintiff expressly alleges that it was Nevada-based Towbin Dodge on behalf of whom the communications were made and that the communications were regarding Towbin Dodge's sale of vehicles in Nevada.

Furthermore, Plaintiff alleges on behalf of the putative class that Towbin Dodge purportedly initiated "hundreds, if not thousands" of unsolicited, autodialed communications from its Nevada-based business. (FAC, ¶ 40). Whereas, he, personally, allegedly only received three calls and one text message.

Plaintiff has seeks certification of a putative class nearly without bounds:

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of Defendants) called or text messaged, (2) on the person's cellular telephone number, (3) using a calling and/or text messaging platform substantially similar to the calling and/or text messaging platform Defendants used to call/text message Plaintiff, and (4) for whom Defendants claim (a) it obtained prior express consent in the same manner as Defendants claim it supposedly obtained prior express consent to call and/or text message Plaintiff, or (b) it did not obtain prior express consent.

(FAC, ¶ 38). Such a class contemplates every U.S. citizen who has received a telephone call or text message from or on behalf of Towbin Dodge within the past four years. The potential exhaustive

geographic boundary of such a putative class possible includes every state, whereas the overwhelming majority of Towbin Dodge's business occurs within Nevada. As such, the alleged activity out of which Plaintiff's claims arise are clearly tied much more closely to Nevada, where the communications were initiated and sent from, than to this District. Moreover, as discussed above, courts in the Ninth Circuit and elsewhere have held that in determining venue, the district from which the communication was allegedly <u>sent</u> is the proper venue. Thus, <u>this factor greatly favors transfer</u>.

***Difference in the Costs of Litigation in the Forums.*** Litigating this case in Las Vegas, <u>Nevada would cost less</u> for all parties than litigating in this District. Towbin Dodge is based in Henderson, Nevada, just outside of Las Vegas. It's records are maintained at its principal place of business there and the majority of the witnesses in this case who may be called to testify, either at deposition or trial, are likely to be Towbin Dodge employees (and perhaps some executives of CDK who would have to travel regardless), all of whom work in Henderson and live in the surround Nevada area. If this action were to proceed in the District of Nevada, those witnesses would not be forced to incur the time and expense of traveling to Sacramento, including lost time at work and time away from their families. Moreover, as all of Towbin Dodge's employees work in the same location, it would be substantially more cost effective and time efficient for them to be deposed at the Dealership, back-to-back, or on consecutive days as all of the attorneys in this case will need to travel irrespective of if the case remains in this District or is transferred, and most of the records related to this case are maintained at the Dealership.

It simply does not make sense to have all counsel and witnesses travel to Sacramento, solely because that is the District in which Plaintiff alone resides – especially when he will not be personally attending any depositions other than his own.

***Ability to Compel Attendance of Nonparty Witnesses.*** To the extent testimony from former employees of Towbin Dodge who reside in Nevada was to become necessary in this case, they <u>could only be compelled to testify in the District of Nevada</u>, as this District lacks subpoena power over individuals residing more than 100 miles away. Fed. R. Civ. P. 45(c)(1)(A). If all counsel are going to be repeatedly traveling to Las Vegas anyway, it makes the most sense for the entire action

to be venued there.

***Ease of Access to Sources of Proof.***  This <u>factor weighs in favor of transfer</u> because the majority of documentary evidence relevant to this case is maintained at Towbin Dodge's dealership in Henderson, Nevada. In fact, arguably, no documentary evidence in this case exists in California, other than perhaps Plaintiff's cell phone bill and computer. "Although developments in electronic conveyance have reduced the cost of document transfer somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) (ease of access to evidence weighed in favor of transfer to Central District of California, where defendant kept its records at its headquarters).

***Conclusion.*** <u>The Section 1404(a) factors weigh heavily in favor of transfer to the District of Nevada.</u> In short, the only individual this District is even remotely convenient for is Plaintiff, who will not be personally involved in litigation beyond his deposition, assuming the same is eventually taken. Whereas, litigation in this District would be <u>highly</u> burdensome for Towbin Dodge and its employees, as a large portion of witnesses and documents are in its possession or control in Nevada. As such, Towbin Dodge respectfully requests that the Court exercise its inherent authority granted under Section 1404(a) to transfer the case in the interests of justice.

## IV.   **CONCLUSION**

For the reasons set forth herein, Towbin Dodge respectfully requests that the Court dismiss this action for improper venue or, alternatively, transfer this case to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

DATED:   July 30, 2020        **CHAPMAN, GLUCKSMAN, DEAN & ROEB**
                                                    A Professional Corporation

By: */s/ Chelsea L. Zwart*
**GREGORY K. SABO**
**CHELSEA L. ZWART**
Attorneys for Defendant TOWBIN DODGE, LLC

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 800, Los Angeles, California 90064.

I hereby certify that on July 31, 2020, I electronically filed the foregoing document described as: **DEFENDANT'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF VENUE OR, ALTERNATIVELY, FOR TRANSFER OF THE CASE; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| Rachel E. Kaufman, Esq.<br>KAUFMAN P.A.<br>400 NW 26th Street<br>Miami, FL 33127<br>Tel: (305)469-5881<br>rachel@kaufmanpa.com | Counsel for Plaintiff and all others similarly situated |
| Amanda F. Benedict, Esq.<br>LAW OFFICE OF AMANDA F. BENEDICT<br>7710 Hazard Center Drive, Ste. E-104<br>San Diego, CA 92108<br>Tel: (760)822-1911; Fax: (760)452-7560<br>Email: amanda@amandabenedict.com | Counsel for Plaintiff and all others similarly situated |

☒    **(FEDERAL)**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 31, 2020, at Los Angeles, California.

*/s/ Mandy Fine*
Mandy Fine

3797.983

1
CERTIFICATE OF SERVICE