1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN NEFF,                      No.  2:20-cv-00261-JAM-DMC

12              Plaintiff,

13       v.                            **ORDER DENYING DEFENDANTS' MOTION
                                       TO DISMISS FOR LACK OF VENUE AND**
14   TOWBIN DODGE LLC and CDK          **GRANTING DEFENDANTS' MOTION FOR**
     GLOBAL LLC,                       **TRANSFER**
15
              Defendants.
16

17       This matter is before the Court on Towbin Dodge and CDK

18   Global's ("Defendants") Motion to Dismiss and Motion to Change

19   Venue.  Towbin's Mot., ECF No. 19; CDK's Mot., ECF No. 20.

20   Justin Neff ("Plaintiff") filed an opposition, ECF No. 21, to

21   which Defendants replied, ECF No. 26-27.  After consideration of

22   the parties' written arguments on the motions and relevant legal

23   authority, the Court DENIES Defendants' Motion to Dismiss and

24   GRANTS Defendants' Motion to Transfer Venue.[1]

25   ///

26

27   _____
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for September 29, 2020.

                               1

1        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2        Towbin Dodge is a Dodge car dealership in Henderson, Nevada.

3   First Amended Complaint ("FAC") ¶¶ 7-11, ECF No. 15.  CDK Global

4   provides sales and marketing services to car dealerships.  FAC

5   ¶ 12.  Plaintiff claims Towbin hired CDK to perform marketing

6   services on its behalf.  See FAC ¶ 12.  Plaintiff allegedly

7   received three autodialed calls and one text message from

8   Defendants after they obtained his contact information from

9   Cars.com.  FAC ¶¶ 24-33.  As a result, Plaintiff brought this

10  action on behalf of himself and those similarly situated, under

11  the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227,

12  FAC ¶ 37, which prohibits sending unsolicited, autodialed text

13  messages and calls to cellular telephones.  Id.

14  § 227(b)(1)(A)(iii).  Defendants then brought this Motion to

15  Dismiss for Improper Venue and, in the alternative, Motion to

16  Change to Venue to the District of Nevada.  Towbin's Mot. 1-2;

17  CDK's Mot. 1.

18                         II.   OPINION

19       A.   Proper Venue

20            1.   Legal Standard

21       A civil action may be brought in: (1) a judicial district

22  in which any defendant resides, if all defendants are residents

23  of the State in which the district is located; or (2) a judicial

24  district in which a substantial part of the events or omissions

25  giving rise to the claim occurred.  28 U.S.C. § 1391(b).  In

26  determining a 12(b)(3) motion to dismiss for improper venue, the

27  court must draw all reasonable inferences in favor of the non-

28  moving party.  Murphy v. Schneider National, Inc., 362 F.3d

1  1133, 1138 (9th Cir. 2004).

2          2.   Analysis

3      The parties agree venue is not proper in the Eastern

4  District of California under § 1391(b)(1), as neither Defendant

5  is a resident of California.  See FAC ¶¶ 7-10; Towbin's Mot. 1;

6  CDK's Mot. 1.  The parties do dispute, however, whether venue is

7  proper in the Eastern District under § 1391(b)(2), that is,

8  whether a substantial part of the events or omissions giving

9  rise to Plaintiff's claim occurred here.  See FAC ¶ 9; Towbin's

10  Mot. 4-5; CDK's Mot. 2.

11     First, Defendants argue that venue is not proper in the

12  Eastern District because Plaintiff did not clearly allege that

13  he received the communications in this district.  Towbin's Mot.

14  4; CDK's Mot. 2.  In his complaint, Plaintiff states that venue

15  is proper here because "Plaintiff resides in this District, and

16  because the wrongful conduct giving rise to this case was

17  directed to Plaintiff on Plaintiff's California area code cell

18  phone number in this District."  FAC ¶ 10 (emphasis added).

19  While the Court agrees that Plaintiff's allegations are not

20  entirely clear, the Court must draw all reasonable inferences in

21  favor of the Plaintiff.  As such, the fact that Plaintiff

22  resides in this district and received the calls to his cell

23  phone here, suggests that he was in this district when he

24  received the alleged communications from Defendants.  See FAC

25  ¶ 10.  Thus, the Court finds that Plaintiff has alleged he

26  received the communications in this district.

27     Second, Defendants argue that even if Plaintiff did receive

28  the alleged communications in the Eastern District, that would

                              3

not support venue under § 1391(b)(2), as the receipt of the communications is not a substantial part of the events giving rise to his TCPA claim.  Towbin's Mot. 5-6; CDK's Mot. 2. Defendants argue that because the TCPA only prohibits persons from <u>sending</u> autodialed communication and does not make illegal the <u>receipt</u> of autodialed communication, the events giving rise to Plaintiff's claim arose in Nevada, where the alleged communications were sent.  Towbin's Mot. 5.  To support this argument Defendants cite to numerous cases involving TCPA claims where venue was found to be proper in the district in which the communications were sent.  Towbin's Mot. 5-6; CDK's Mot. 2.

However, just because a substantial part of the events occurred in Nevada "does not mean that a substantial part of the events did not also take place in California where the phone call was directed and where the harm was inflicted." <u>Schlesinger v. Collins</u>, No. 19-CV-03483-EMC, 2019 WL 4674396, at *3 (N.D. Cal. Sept. 25, 2019); <u>see also</u> <u>S.F. Residence Club, Inc. v. Leader Bulso & Nolan, PLC</u>, No. C-13-0844 EMC, 2013 WL 2050884, at *5 (N.D. Cal. May 14, 2013) (noting that there may be more than one district in which a substantial part of the events giving rise to the claim occurred, and that venue would be proper in each district).  Courts in TCPA cases have consistently found venue to be proper under § 1391(b)(2) where the call was received.  <u>See</u> <u>Schlesinger</u>, at *3; <u>see also</u> <u>Schick v. Resolute Bank</u>, No. CV-19-02218-PHC-DLR, 2019 WL 8014435, at *1 (D. Ariz. Nov. 13 2019); <u>Sapan v. Dynamic Network Factory, Inc.</u>, No. 13-CV-1966-MMA (WVG), 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013).  Because Plaintiff's injury, receipt of the

4

1   communications, occurred in the Eastern District, a substantial

2   part of the events giving rise to his claim occurred here.  As

3   such, venue is proper in the Eastern District of California.

4        B.   Transfer

5             1.   Legal Standard

6        "For the convenience of parties and witnesses, in the

7   interest of justice, a district court may transfer any civil

8   action to any other district or division where it might have

9   been brought." 28 U.S.C. § 1404(a).  When determining whether

10  transfer is proper, courts employ a two-step analysis.  Park v.

11  Dole Fresh Vegetables Inc., 964 F. Supp. 2d 1088, 1093 (N.D.

12  Cal. 2013).  First, the court must determine whether the case

13  could have been brought in the forum the moving party seeks to

14  transfer the case to.  Id.

15       If the moving party makes this showing then the district

16  court has discretion to change venue based on "individualized,

17  case-by-case consideration of convenience and fairness."  Id.

18  (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29

19  (1988)).  Under § 1404(a) the court should consider the

20  convenience of the parties and witnesses.  28 U.S.C. § 1404(a).

21  The court may also consider factors such as: (1) the location

22  where the relevant agreements were negotiated and executed,

23  (2) the state that is most familiar with the governing law,

24  (3) the plaintiff's choice of forum, (4) the respective parties'

25  contacts with the forum, (5) the contacts relating to the

26  plaintiff's cause of action in the chosen forum, (6) the

27  differences in the costs of litigation in the two forums,

28  (7) the availability of compulsory process to compel attendance

                              5

1  of unwilling non-party witnesses, and (8) the ease of access to

2  sources of proof.  <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495,

3  499 (9th Cir. 2000).

4          2.  <u>Analysis</u>

5          Plaintiff does not dispute that this action could have been

6  brought in Nevada.  <u>See</u> Opp'n 4.  Towbin operates in Nevada, it

7  is where the contract between Defendants was executed, and where

8  any communications from Towbin originated.  Towbin's Mot. 5.

9  Accordingly, venue is proper in the District of Nevada.  <u>See</u> 28

10  U.S.C. 1391(b)(2).  Moreover, as set forth below, upon weighing

11  the relevant factors, the Court finds that the interests of

12  convenience and fairness warrant transfer to the District of

13  Nevada.

14          a.  <u>Factors Weighing in Favor of Transfer</u>

15          Several factors support transferring this case to Nevada.

16  First, transfer to Nevada will be more convenient for the

17  witnesses, often considered the most important factor when

18  deciding a motion to transfer.  <u>Jovel v. i-Health, Inc.</u>, No. CV

19  12-05526 DDP (JCGx), 2012 WL 5470057, at *4 (C.D. Cal. Nov. 8,

20  2012).  Defendants contend that most of the witnesses are likely

21  to be Towbin employees.  <u>See</u> Towbin's Mot. 10.  While Defendants

22  do not specifically identify any critical witnesses, given that

23  Plaintiff's complaint is that he received solicitation from

24  Towbin, it seems likely that many relevant witnesses will be

25  Towbin employees based in Nevada where Towbin operates.

26  Plaintiff on the other hand, does not claim the Eastern District

27  is convenient for any other witness besides himself.  <u>See</u> Opp'n

28  4-5.  Additionally, because Towbin's business is based in

6

1   Henderson, Nevada, it is likely the district court in Nevada

2   will have subpoena power to compel testimony from any former

3   employee, while this court will not.  See Fed. R. Civ. P.

4   45(c)(1)(A) ("A subpoena may command a person to attend trial,

5   hearing, or deposition . . . within 100 miles of where the

6   person, resides, is employed, or regularly transacts business in

7   person.").

8       Second, litigation costs will likely be reduced in Nevada.

9   Defendants argue that most of the documentary evidence relevant

10  to this case is maintained at Towbin's dealership in Henderson.

11  Towbin's Mot. 11.  Plaintiff does not appear to dispute this but

12  instead argues that the physical location of the documents no

13  longer carries much weight given technology has made it easier

14  for documents to be transferred to different locations.  Opp'n

15  5.  While, "developments in electronic conveyance have reduced

16  the cost of document transfer somewhat, costs of litigation can

17  still be substantially lessened if the venue is in the district

18  in which most of the documentary evidence is stored."  Park, 964

19  F. Supp. 2d at 1095.  Further, litigation costs are usually

20  reduced when the venue is located near the most witnesses

21  expected to testify.  Id.  Because most of the documentary

22  evidence and most of the witnesses are in Nevada, the Court

23  finds litigation will be less costly there.

24      Third, Nevada has the most contacts relating to Plaintiff's

25  cause of action.  The only contacts related to the cause of

26  action in the Eastern District, are that Plaintiff is a resident

27  of this district and allegedly received the communications here.

28  See generally Compl.  Given that this is a putative class

7

1   action, similar contacts might be found across the country.

2   However, all these communications will have come from Towbin,

3   located in Nevada, or from CDK, on Towbin's behalf.  Towbin's

4   Mot. 5-6.  Further, Towbin's marketing decisions and execution

5   of the service contract with CDK occurred at its place of

6   business in Nevada.  Towbin's Mot. 7-10.

7                    b.   Factors Weighing Against Transfer

8        The one factor weighing against transfer is the plaintiff's

9   choice of forum.  Great weight is generally accorded to the

10  forum of plaintiff's choosing.  Lou v. Belzberg, 834 F.2d 730,

11  739 (9th Cir. 1987).  However, when an individual represents a

12  class, the named plaintiff's choice of forum is given less

13  weight.  Id.

14       Here, Plaintiff has chosen to litigate in his home

15  district, the Eastern District of California, which weighs

16  against transfer.  See FAC ¶ 10.  Additionally, litigating in

17  Nevada would be less convenient for Plaintiff than litigating in

18  his home state.  Opp'n 5.  However, because Plaintiff has chosen

19  to represent a class, his choice of forum, and its convenience

20  for him, is given less weight. See LaGuardia v. Designer Brands,

21  Inc., No. 19CV1568 JM(BLM), 2020 WL 2463385, at *8 (S.D. Cal.

22  May 7, 2020) (noting that TCPA class actions are normally

23  attorney driven and require limited participation from the named

24  plaintiff).  Potential class plaintiffs may come from all over

25  the country and plaintiff "provides no indication that any class

26  members other than himself would not also have to travel

27  hundreds of miles to litigate" in the Eastern District.  Mina v.

28  Red Robin Int'l, Inc., No. CV189472PSGGJSX, 2020 WL 4037163, at

1  *3 (C.D. Cal. Mar. 3, 2020).

2      Thus, ultimately, this factor does not weigh heavily

3  against transfer.

4                  c.   Neutral Factors

5      Finally, a few factors neither weigh in favor of or against

6  transfer of venue.  For instance, the parties both have limited

7  contacts with the other's respective forum choice.  Plaintiff's

8  contact with the Eastern District is great, as it is where he

9  resides.  See FAC ¶ 10.  Plaintiff does not appear to have any

10 contacts with Nevada other than the alleged communication with

11 Defendants.  See generally FAC.  Defendants, on the other hand,

12 have greater contacts with Nevada and their only alleged

13 contacts with the Eastern District are their communications with

14 Plaintiff.  Id.  Towbin has significant contacts with Nevada, as

15 it is where it operates its business.  See FAC ¶ 11.  CDK also

16 has contacts with Nevada as it is where it provided services to

17 its client, Towbin.  CDK's Mot. 3.  In addition, the TCPA is a

18 federal law, which both districts are equally familiar with.

19 Pierucci v. Homes.com Inc., No. CV-20-08048-PCT-DWL, 2020 WL

20 5439534, at *5 (D. Az. Sept. 10, 2020).

21                  d.   Conclusion

22     Weighing the relevant factors, the Court finds, on balance,

23 that transfer to the District of Nevada is more convenient to

24 the parties and witnesses in this case.  Thus, the Court

25 transfers this case to the District of Nevada under 28 U.S.C.

26 § 1404(a).

27                  III.   ORDER

28     For the reasons set forth above, the Court DENIES

1   Defendants' Motion to Dismiss and GRANTS Defendants' Motion to

2   for Transfer to the District of Nevada.

3        IT IS SO ORDERED.

4   Dated: November 18, 2020

5

6   JOHN A. MENDEZ,
    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28